LOBRANO, J.,
dissents in part and concurs in part. '
|,1 respectfully dissent. The plaintiff, Jane L. Johnson, seeks the disqualification of the defendant, Taetrece Harrison, a candidate for the office of Judge, Civil District Court, Orleans Parish, Domestic Section 1, asserting that she has not been admitted to practice of law for the required minimum number of years as required by the Louisiana Constitution.
As originally enacted in 1974, La. Const, art. V, § 24 stated as follows:
Section 24. A judge of the supreme court, a court of appeal, district court, family court, parish court, or court having solely juvenile jurisdiction shall have been admitted to the practice of law in this state for at least five years prior to his election and shall have been domiciled in the respective district, circuit, or parish for the two years preceding election. He shall not practice law. [Emphasis added.]
However, this was changed by the electors in 2006, effective January 1, 2008, to read:
§ 24. Judges; Qualifications
Section 24.(A) A judge of the supreme court, a court of appeal, district court, family court, parish court, or court hav-
ing solely juvenile jurisdiction shall have been domiciled in the respective district, circuit, or parish for one year preceding election and shall have been admitted to the practice of law in the state for at least the number of years specified as follows:
(1) For the supreme court or a court of appeals — ten years.
| ¾(2) For a district court, family court, parish court, or court having solely juvenile jurisdiction — eight years.
(B) He shall not practice law. [Emphasis added.]
The language of § 24 is clear and unambiguous and consistent with La. R.S. 18:451.[1] The law has been changed to require that a candidate for judicial office must have been admitted to the practice of law for the requisite number of years at the time of qualifying for the office, not at the time of the “election” as was formerly the case. Because the provision is unambiguous, “the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.” La. C.C. art 9. Thus, I respectfully dissent from that part of the majority’s decision to affirm the trial court’s decision holding that Ms. Harrison may run in the November 4, 2014 primary election.
I respectfully concur with the majority’s holding that Ms. Harrison is not entitled to recover costs and attorney’s fees.
A person who meets the qualifications for the office he seeks may become a candidate and be voted on in a primary or general election if he qualifies as a candidate in the election. Except as otherwise provided by law, a candidate shall possess the qualifications for the office he seeks at the time he qualifies for that office. In the event that the qualifications for an office include a
residency or domicile requirement, a candidate shall meet the established length of residency or domicile as of the date of qualifying, notwithstanding any other provision of law to the contrary. No person, whether or not currently registered as a voter with the registrar of voters, shall become a candidate if he is under an order of imprisonment for conviction of a felony.

. La. R.S. 18:451 states: